The first case on our call of the docket today on Wednesday, November 10, 2010, is case number 10089, People v. Lindsay, Agenda No. 6. Counsel, are you prepared? Please proceed. Good morning, Your Honors. May it please the Court, Counsel, I am Gopi Kashyap from the Illinois Attorney General's Office, here on behalf of the people. In this case, the appellate court interpreted Rule 604D and this Court's decision in People v. Jaynes as requiring, in every instance, that a defendant file a new post-judgment motion following a remand resulting from defense counsel's initial failure to file a Rule 604D certificate. But because that ruling disregards the plain language of Rule 604D, Jaynes' remand instructions, the context in which this Court decided People v. Jaynes, and the purposes of Rule 604D, the appellate court erred. Alternatively, because defendant had a full and fair second opportunity to present his arguments for reconsideration, the appellate court erred by remanding this case for a third hearing on defendant's motion. Therefore, the People respectfully request that this Court reverse the appellate court's judgment. First, it is undisputed that the plain language of Rule 604D did not require defendant to file a new motion to reconsider sentence. And it's important to know the procedures outlined by that rule, because when the case is remanded following noncompliance with the certification requirement, the remand proceedings must comply with the rule. Rule 604D outlines the following procedure. First, a defendant, either pro se or through his attorney, files a post-judgment motion. If the defendant has no attorney and wants one, the Court then appoints counsel. Counsel consults with the defendant and files a Rule 604D certificate. The trial court then holds a hearing and rules on the motion. At no point does the rule itself require counsel to file a motion at all. Instead, under the rule, counsel's sole obligation is to certify, one, that she has consulted with the defendant to ascertain his contentions of error in the plea or sentence, two, that she has examined both the trial court file and the reported proceedings of the plea hearing, and three, that she has made any amendments to the motion necessary for the adequate presentation of any defects in the proceedings. If no amendments are necessary, then there's no need to file an amended motion because, presumably, counsel, in her judgment, believes that the already filed motion contains all defects. So when a case is remanded for noncompliance with the rule's certification requirement, the proceedings would have to comply with the provisions of the rule. On remand, counsel would be appointed if necessary. Counsel would then ascertain defendant's contentions of error by consulting with him, review the proceedings, including the trial court file containing the original motion to reconsider sentence, and then determine whether any amendments to the motion are necessary to adequately present the defects in the proceedings. Counsel would then file the certificate, and the trial court will hold a new hearing on the motion. Thus, nothing in the rule mandates that defendant file a new motion on remand, and defendant does not dispute that, in this case, the remand proceedings fully complied with Rule 604D. When counsel was reappointed, counsel filed a proper Rule 604D certificate, and the trial court held a new hearing on the motion and entered a new ruling. Instead, defendant, relying upon one sentence from People v. Janes, argues that Janes created a mandatory rule requiring in every instance, regardless of whether the facts justify it, that a defendant file a new post-judgment motion, but Janes created no such rule. As an initial matter, the people are not seeking to overrule People v. Janes as defendant contends. Rather, we submit that the appellate court here misinterpreted People v. Janes, and we expressly rely upon the language and context of Janes in support of our position that a new motion is not required on remand. Indeed, defendant's rating of Janes disregards the remand instructions of that case, which use permissive language, allowing a defendant to file a new motion, but not mandating that he do so. That permissive remedy found in the remand instructions is consistent with the appellate court cases cited in and approved of in Janes itself. Those appellate courts used permissive language as well, or they remanded strictly for a new hearing on the motion. And that permissive remedy found in the remand instructions is also consistent with the context in which the court decided People v. Janes. Janes didn't address the more precise issue presented here, which is whether a new motion is required on remand under Rule 604D. Rather, Janes addressed the broader question of what the remedy should be for noncompliance with the certification requirement. To that end, Janes considered three different ways that the appellate courts had decided the issue. One, to dismiss the appeal outright and leave the postconviction hearing act as defendant's sole remedy. Two, determine whether there was substantial compliance on the record, such that any error in failing to file the certificate was harmless. Or three, to require strict compliance and remand. This court chose in favor of remand and strict compliance. It rejected dismissal because the plain language of Rule 604D doesn't mandate that the filing of a certificate is a precondition to an appeal. Counsel? Yes. Excuse me. Are there any important rights that would be safeguarded by requiring defense counsel to file a new motion in addition to the Rule 604D certificate? No, Your Honor. And defendant points to none. The filing of the certificate itself protects the defendant's rights. Because when counsel files a certificate, she has consulted with the defendant to ascertain his contentions of error. She has examined the proceedings, including the trial court file, which includes the original motion to reconsider a sentence, along with the plea hearing transcript. And then she determines, she makes a judgment as to whether a new motion is required. If certain things have occurred in the interim, then counsel would make a judgment and decide that she should file a new motion to adequately present defendant's contentions of error. But if there was nothing to add, then nothing would be gained by requiring counsel to file a new motion, because she would simply redate it, reprint it, and file the same motion. And defendant cites nothing that would be gained in addition to the certificate. So turning back to what, so James therefore projected the substantial compliance harmless error analysis that some of the appellate courts had used, because it found that requiring the appellate court to review the entire record and scour it to determine whether there was compliance with the rule would be simply inefficient and contrary to Rule 604D's purposes. Mandating strict compliance, therefore, James instructed the trial court there to allow defendant to file a new post-judgment motion and for a new hearing on that motion. This permissive rule is also consistent with the procedure contemplated by Rule 604D that we already discussed, and it fulfills the purposes of that rule. On remand, with the motion to reconsider on file, trial court appoints counsel. Counsel consults with the defendant, examines the proceedings, and determines whether the already filed motion adequately presents all defects. As stated, if not, then counsel would file a new motion. But if so, counsel files a certificate. The trial court then must hold a new hearing on the motion. The trial court, when it's then considering the motion to reconsider, has the motion and the certificate in front of it, assuring the court that counsel has presented all defects in the proceedings and creating a record for appeal, fulfilling the purposes of Rule 604D and protecting a defendant's rights. It is important to emphasize that the filing of the certificate, along with the new hearing, protects the defendant's rights to have the assistance of counsel in the preparation and presentation of the motion, because the certificate ensures that the written motion that counsel brings before the court adequately presents all contentions of error after discussion with the defendant and a review of the proceedings, and the hearing ensures that the court considers the motion anew. Therefore, requiring a new motion in these circumstances would add a step not contemplated by Rule 604D, would provide defendant no additional protection, and would ask for the performance of a meaningless act, wasting valuable resources and contravening Rule 604D's purposes. This court, therefore, should hold that neither Rule 604D nor Janes required defendant to file a new motion on remand. Alternatively, if defendant was required to file a new motion, the appellate court erred in granting defendant a second remand in this case. In People v. Shirley, this court established that once a defendant is granted a remand under Janes and receives a new hearing due to noncompliance with Rule 604D's attorney certification requirement, and notwithstanding minor errors in the remand proceedings, if defendant received a full and fair second opportunity to present his motion, then a successive remand and rehearing is not required. Applying Shirley to this case, defendant here, just as in Shirley, received the full benefit of People v. Janes. When the court initially remanded for a new hearing, and the defendant received a full and fair opportunity to present his arguments for sentence reconsideration. On remand, counsel filed a proper Rule 604D certificate affirming she had performed her duties. The court held a new hearing at which the defendant was present. Counsel there argued that the sentence was excessive. And before entering a new ruling on the motion,  the court filed the transcripts from the prior proceedings, the pre-sentence report, which included defendant's letter expressing his efforts at addressing his substance abuse problem. And it also looked at counsel's Rule 604D certificate. Only then did the court enter a new ruling denying the motion, explaining directly to the defendant that his sentence was generous, a sentence of 14 years on a statutory minimum of 12, that that sentence was generous in light of the allegations. Importantly, defendant was present at the hearing and never protested that counsel did not perform her duties, and he didn't add any additional arguments. Counsel's failure, therefore, to file a new motion had no effect on defendant's ability to either present his arguments for reconsideration or the trial court's ruling on the motion. Indeed, defendant points to nothing that would be gained by yet another remand. Therefore, because the defendant had a full and fair opportunity to present his reconsideration motion, the Second District erred in granting defendant a second remand. In sum, this court should reject defendant's invitation to require the performance of a meaningless act. The permissive rule outlined in James' remand instructions fulfills Rule 604D's purposes of protecting a defendant's appellate rights and creating a record for appeal without wasting valuable resources. Further, even if a new motion were required, as in Shirley, a second remand here would be an empty and wasteful formality. If this court has no further questions... Counsel, I do. I want to make sure I'm correct on the procedural posture. Sure. Is this case here before us on the last appellate court order filed February 9th, 2010? Yes. Okay. The end of that order, because it was captioned as a summary order, says that we reverse, et cetera, with directions that, one, defendant be allowed to file a new motion to reconsider his sentence. So that's allowed to file. Two, defendant be allowed to have a new hearing on that motion. And three, defendant's attorney comply with Rule 604D. Yes, Your Honor. So did it not go back that those three pieces of this remand order be complied with?  I didn't understand your question, Your Honor. The order says it's sent back with directions that three things happen. Now, are the first two just discretionary, but in contrast to the three that says defendant's attorney comply with Rule 604D? I'm just looking at the plain language of the order. Of the Second District's order itself. Correct. According to the plain language of that order, yes, on remand, the defendant would be allowed to file a new motion and wouldn't have to. But then it also says the defendant would be allowed to have a new hearing on that motion, and that would also be permissive. But that would be contrary to this Court's holding in People v. Shirley, this Court's language in People v. James, and the plain language of Rule 604D itself. But what's your take on the last prong, number three, defendant's attorney comply with Rule 604D? I think that's correct. The defendant's attorney must comply with Rule 604D. I believe it references the certification requirements, but I think it also means that you have to comply with the procedure outlined in Rule 604D, which would then bring the proceedings back to after the motion was filed and when counsel is appointed, and then counsel would consult with the defendant, ascertain his contentions of errors, examine the proceedings, determine whether amendments are necessary, and then file the certificate. And then according to the rule, the trial court would then hold a new hearing on the motion. Well, I'm not talking about in general. I'm talking about in this case. Did that happen? This is the remand order that we're appealing here. I know. And my question is did that happen? Did it happen? Yes, that did occur here. Defense counsel was reappointed. Defense counsel filed the certificate after consulting with the defendant, and the trial court held a new hearing on the motion and entered a new ruling on the motion. So where are we going to be if you prevail in this case procedurally? What happens next? I believe the case would be remanded to the appellate court for further proceedings on defendant's appeal from his motion to reconsider sentence because it was a summary order that the second district entered and so there wasn't full briefing on his appeal itself. Thank you. So if this court has no further questions,  Thank you. Good morning, Your Honors. May it please the court, counsel. My name is Vicki Kurles from the State Appellate Defender's Office on behalf of Mr. Robert Lindsey, the appellee in this case. In Jaynes, this court prescribed a bright line rule designed to remedy a 604D violation. And if I can have the court's indulgence for just a moment to quote Jaynes. We unequivocally state that the remedy for failure to strictly comply with Rule 604D is a remand to the circuit court for the filing of a new motion to reconsider sentence and a new hearing on the motion. This requirement is simple, straightforward, and workable. Ms. Kurles? Yes. On the other hand, and immediately prior to the sentence that you just read, Jaynes endorsed the view that the appropriate remedy for the failure to file a 604D certificate is to grant the defendant, quote, the right to file a new motion to withdraw the guilty plea and the right to have a new hearing on the motion. And it seems like Oliver, tell me where I'm wrong in this, it seems like Oliver latched on the first of these sentences while Kerkerine latched on the second. And I'm not saying one is wrong or one is right, but in People v. Shirley this court stated that in Jaynes we held that, quote, in the absence of strict compliance with 604D, the appropriate remedy is to remand the cause to the circuit court to permit the defendant to file a new motion to withdraw his plea. At least the word permit seems to suggest from this court's perspective and surely that the holding in Jaynes is found in the more permissive language than the mandatory language, which both is contained in the Jaynes case. So my question is kind of a practical one, doesn't mandating a new motion, isn't that simply an empty and unnecessary formality, not to mention the waste of time and judicial resources? Absolutely not. In fact, requiring counsel to file a new motion promotes the purposes of Rule 604D, which are to protect a guilty plea defendant's right to due process and his right to the effective assistance of counsel. And the whole purpose of that is to preserve a record and to allow the defendant to make a record of whatever. Where was this defendant prejudiced? Here's a quote from the attorney in this case. There really is nothing to add. This is after the 604D certificate was filed. There really is nothing to add. We did have argument on the motion at the time, and I really don't have anything to add to that. The court is aware of what was argued at the time. So the attorney complies with 604D, looks at everything, and says that's exactly what I would have filed. How is that not an empty formality to require the same motion to be filed, the same arguments to be had? Again, our interpretation of Jaynes is that the new motion must be filed and a new hearing must be filed. Now, before you can have the hearing, the whole point of Jaynes is that the first post-plea hearing was fundamentally flawed. We can't trust that proceeding because there was no 604D certificate. We don't have any insurance that after that motion was filed, the attorney took the steps necessary to make sure that all the issues were preserved and that she consulted with the client and that everything was made on the record. And so when this case goes back for a second remand, we can't ‑‑ everything has to happen all over again because we have no confidence in those first proceedings. So when counsel says, you know, there's nothing to add, I don't understand what the harm is, harm in if she's consulted with the defendant, if she's considered the record. Look what happened in this case. The 604D certificate is filed. The attorney complies with 604D and then stands on the original motion and says we stand on the arguments that were made before. We looked at all of this. I would be filing the exact same motion. I would be making the exact same arguments. After stating that it had reviewed the file, it said the PSI report was looked at. They reviewed the proceedings from the original hearing on defendant's motion to reconsider. And the motion was denied. So I guess my question remains, and as I said, James goes both to some mandatory and some permissive language. And the right to file is different than mandating that it be filed. And in this case, won't we have the perfect example of the same result would have been had regardless if it was mandatory or permissive? Again, I don't believe so because we also have to look, in this case, what motion was actually filed. And it was simply a boilerplate motion of three paragraphs. Let me ask it this way. Would you have the same problem if the attorney goes back, files a 604D certificate, and then files the exact same motion that was filed prior to 604D being complied with? I think under James's mandatory language that that seems to be appropriate because that's a new motion accompanied by a new 604D certificate and then followed by a new hearing, and that would seem to suffice James. Doesn't that prove the point that it's just a waste of judicial resources if the attorney complying with 604D takes a look and says nothing would have changed? Take a look at the old motion. Take a look at the other argument. Right, but again, in this case, when we do take a look at that old motion, that old motion is boilerplate. The only sentence that refers to the sentence is, I believe, quote, the sentence was excessive. Now, that's what counsel is going to stand on, that that really adequately represent or present defendant's claim of error. Again, if counsel followed James and filed that same motion, maybe we'd have a different issue here, whether that motion was, in fact, adequately presented defendant's claims of error. But the issue here is whether or not James, I guess, requires a new motion on remand. And again, our position is that it makes sense to require that motion because while the certificate on remand would, in which counsel would attest to her duties that she consulted with client review the file, the actual physical manifestation of her duties is a motion. It's the actual motion that preserves the errors. It's not counsel's certificate. And without a motion, we can't have a hearing. And I think that the language in James, you know, this idea of those being mandatory and also permissive, that that permissive language used in the relief paragraph really has to do with the scope of what's supposed to happen on remand and not telling counsel that they have just discretion to file a motion or not. So in that regard, I think Hickering is wrong in its interpretation of James and that based on the language in James, there is a mandatory requirement that counsel file a new motion. And it makes sense because of the rights that we are trying to safeguard when a guilty plea defendant wants to challenge his plea or his sentence. Now, let me be clear. But you said that it would be sufficient if they filed the same motion again. Under James, it would be sufficient for complying with a remand order, but then we'd have to take a look at the motion and decide whether or not that motion appropriately laid out the issues to preserve them. What if we don't have anything to add? I mean, what if you, you know, counsel can't make up things. I mean, if the first motion set forth all the claims that the defendant had, what else are they going to say? Right. And I'm not making up this language. The language is in James, and that's what we're basing our argument on. But you seem to be saying that, and this is a little confusing to me, it seemed to me that in response to Justice Thomas, you said that it would be okay if they filed the same motion again. Right. But now you're telling me that there's more than that. You'd have to look at the sufficiency of the motion and whether there were any changes, and are you telling me that or not? What I'm saying is that in order to comply with James, counsel has to file a motion. And along with that motion, there has to be a 604D certificate. And that certificate assures us that the attorney adequately and properly presented any errors that defendant wanted to raise in that motion. Now, that's one question, okay, whether or not there was a motion filed on remand. Now, a second issue would be, well, let's take a look and see if that motion and what happened at the proceedings, whether those were appropriate. So that's a separate issue. Well, if appointed counsel in the original proceeding can stand on the defendant's pro se post-trial motion, why must counsel on remand file a new motion? Because the remand proceedings are totally different. We've, you know, presumably if counsel can stand on the pro se motion in the first go-round of post-plea proceedings and she files a certificate stating, attesting to having complied with her duties under the rule, then everything goes along just as planned under 604D. But when we have noncompliance with 604D at the initial hearing, then we have to start all over. We can't, there's almost an implicit distrust in what happened in that, in those proceedings. James found them fundamentally flawed. But isn't the important thing that the counsel has consulted with the defendant to determine what the defendant's allegations of error are and that they have presented those to the court in whatever form? Right. That's part of it. But the other part is the actual presentation of those errors. That's what preserves the record. So we have the motion is sort of the vehicle for which, how to present the errors. The attorney's certificate is making sure that counsel took the steps necessary to get to that point. So, again, I don't believe it's an empty formality. It's actually requiring counsel to execute their duties under the rule. But under that scenario, isn't that elevating form over substance? If the attorney attests to the fact that she's spoken to the defendant and that the first motion was sufficient, isn't that sufficient, where the first motion instead of the actual filing of another motion is exactly the same? On remand or at the first? On remand. On remand. Again, Janes sets up a rule. Or even on the first situation. Well, in the first situation, again, we have the assurance that counsel did talk to the client and did review the record and checked over that motion and decided that that was enough. And that's okay. But when we have a remand where counsel didn't perform those duties in the first instance, we have to require counsel then to not only perform those duties but make sure that that new motion is before the judge to reconsider totally what was raised and any new claims that could be raised at that point. So, again, I don't think it's an empty formality. And, again, I'm not making this rule up. I believe it's in Janes. I think that's what Janes says. And, again, the idea that, well, there's mandatory language and permissive language. The permissive language is found in the relief paragraph. And, I mean, once a case comes to this court and it goes back for remand, you know, the parties can't do anything without the permission of this court. And that's exactly what Janes was telling them, that when it goes back, this is what you do. You file a motion and you have a new hearing. And as far as the notion that be allowed is permissive language, then why is it used when describing what's supposed to happen with a new hearing? Be allowed to have a new hearing. But we're supposed to have a new hearing. That's mandated. So why would permissive language be used permissively in one instance but mandatorily when we're talking about a hearing? Is it fair to say that if we disagree with your understanding of that one sentence in Janes, you don't have a case? Here you have a defendant who got 14 years out of a 12 to 50 and counsel is saying there's nothing new in the sentence. I can't argue anything more. And the trial court indicated it considered all the relevant factors. So isn't your entire argument premised on that interpretation of that one line of Janes? Part of it is, yes, because a new motion has to be filed. There was no new motion. So if this court decides to basically reverse Janes, then, yes, we're in trouble in that regard. But procedurally speaking, if it goes back then to the appellate court for further briefing on any other issues, since this was basically a threshold issue, then it's possible that we look at that boilerplate motion and we decide whether or not we want to argue that that sufficiently or adequately presented defendant's claims of errors with regard to the sentencing. And all you say is sentence was excessive. Is that really enough to preserve an issue? I don't think so. But, again, that's an issue that may come up later or may not. I don't know. But this counsel was faced with a defendant getting 14 years on a 12-year minimum, 50-year maximum. What do they argue? What would the record show? You're not arguing that at this point. I know that that's the problem, I think. Well, I think even one day over the minimum can be considered excessive if the facts are such that merit that argument. So the fact that it's just two years over the minimum, I don't think we can just categorically reject an excessiveness argument. And there was evidence here that Mr. Lindsey had two prior drug offenses, but he never had been to the Department of Corrections before, that on probation for these cases he was clean and sober, and it wasn't until that he had a back injury that he sort of relapsed and got back into his old ways that his time spent in jail was productive, being a part of treatment groups and the JUST program at the county jail. So there were mitigating issues, and the defense attorney I think mentioned one of them at the motion to reconsider, but again made no effort to re-argue any of these at the remand hearing. As far as, again, going back to Jane's for just a moment, I think that, again, Jane sets forth a simple, straightforward, and workable rule, and to change it now would only further confuse the post-plea process on remand, because even with rules like 604D that seem straightforward, and this Court's language in Jane's which, again, we believe is straightforward, defense attorneys, state attorneys, even judges are having a hard time following these rules, and we shouldn't frustrate this process further by changing the rules on them now. As far as Shirley, as we noted in our brief, we believe that that issue was waived since the PLA really had to do with this, with the appellate court's decision in Kirkherring, and Shirley wasn't referenced. And Shirley is distinguishable because in that case, counsel and Shirley actually followed Jane's. A new motion was filed at the new hearing. Counsel made an effort to argue new facts to the judge, and this Court ultimately concluded that even though a 604D certificate was filed late, that the defendant there had a full and fair opportunity to be heard on his motion. In this case, we don't have a new motion. We don't have argument of new facts. In fact, we don't have any argument at all at the remand hearing. But Shirley did pick up on the permissive language of Jane's, right? It didn't say to remand the cause to the circuit court for defendant to file a new motion to withdraw his plea. It said to permit the defendant to file a new motion to withdraw his plea. Again, I don't believe there's any effective difference between the mandatory and permissive language. I think they both require the same thing. Even though it's permissive language, I think it's used in the sense of what the scope of remand is supposed to be and not limiting or giving counsel any discretion. So I think Shirley, at any rate, is distinguishable in this case, and I don't think we can safely say that Lindsay here got a full and fair opportunity to present. Are you saying, Ms. Burroughs, that you would have the same argument if the sentence in Jane's that you latch on to for the filing of a motion was not there? Would you make the same argument if the only thing Jane said was the other sentence, the right to file a new motion to withdraw? Would you still say then that it was mandatory that upon remand that a motion had to be filed if you only had that sentence instead of the other? If the sentence says to permit the filing of a new motion and to permit the hearing on a new motion, then because a new hearing is not just permitted but, in fact, required, then I think I would make that same argument. I see my time is up. I appreciate this Court's time, and we would ask that you would affirm the decision of this appellate court and remand the case so that Mr. Lindsay can finally file a new motion and have a true, full, and fair opportunity to be heard on that motion. Thank you. Justice Gilbert, I'd like to apologize for my response to your earlier question and to clarify that after the Second District summarily reversed for the second time, the people filed their PLA in this Court, and this Court allowed the PLA. Prior to the Second District's remand order of 2010, counsel had filed a Rule 604G certificate, the trial court had held a new hearing, and counsel indicated that there was nothing new to add, as Justice Thomas pointed out. The Court then reviewed the prior transcripts and entered a new ruling on the motion. Defendant here seems to be challenging the substance of the motion that was initially filed, but she's never challenged that before. It is clear that the certificate itself relates to the motion. When counsel files a certificate and then presents the motion to the Court at the hearing, she is presenting the written motion that's already on file. So if the motion is somehow defective, then that would be something that counsel could bring up on appeal, asserting perhaps that counsel was ineffective and not adequately presenting everything in the actual motion. But that's not the same thing as when counsel believes in her judgment that she has presented all the defects in the proceedings. Again, counsel still fails to articulate any interest of defendants that would be protected by her proposed reading of People v. Jaynes. Jaynes used permissive language twice, and the remand instructions were clear. Counsel seems to think that because it said the right to a new motion and then the right to a new hearing, that means that both are mandatory. But the problem is, is all of this needs to be considered in the context of the way Rule 604D is written, and Rule 604D itself contemplates a procedure. So on remand, the proceedings must comply with Rule 604D, and according to that procedure, the certificate must be filed before the hearing. The motion is filed before the certificate. Give me one minute, Your Honors. Counsel also argues that we have forfeited our second alternative argument by failing to include it in our PLA. But our PLA expressly argued that the appellate court erred in granting defendant another remand, where defendant was not prejudiced by the lack of a new motion, trial court thoroughly examined the record before denying the motion, defendant was present at the remand hearing on the motion, and the record showed that the defendant had an open line of communication with counsel, but even if this court were to find that it's forfeited, it should exercise its supervisory powers to review it, because it's an important question. Between 90 and 95 percent of cases are disposed of by guilty pleas, and in People v. Wilk, this court noticed that a third of all appeals come from guilty pleas. And most importantly, as in Rolandus G. here, the question of whether Rule 604D required a new motion is inextricably intertwined with the question of whether the failure to do so mandates reversal. And finally, counsel tried to distinguish Shirley, but in Shirley it was actually a more egregious problem, because the trial court considered the motion in Shirley without the benefit of a Rule 604D certificate, because the certificate itself wasn't filed until after the hearing on the motion. So the trial court had no assurance that counsel had complied with the certification requirements. This court has no further questions. The people respectfully request that this court reverse the appellate court's judgment in this case. Thank you. Thank you. Case number 110089, People v. Robert W. Lindsay, is taken under advisement.